UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHERRI L. DEEM,

               Plaintiff,

    v.

AIR & LIQUID SYSTEMS
CORPORATION, et al.,

               Defendants.

CASE NO. C17-5965 BHS

ORDER RESERVING RULING
AND REQUESTING
SUPPLEMENTAL BRIEFING ON
DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendant General Electric Company's

("GE") motion for summary judgment, Dkt. 61, Defendant Foster Wheeler Energy

Corporation's ("Foster Wheeler") motion for summary judgment, Dkt. 63, and Defendant

CBS Corporation's ("Westinghouse") (collectively "Defendants") motion for summary

judgment, Dkt. 65.[1] The Court has considered the pleadings filed in support of and in

opposition to the motions and the remainder of the file and hereby reserves ruling and

requests supplemental briefing on the motions for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On November 20, 2017, Plaintiff Sherri L. Deem ("Mrs. Deem") filed a complaint

on her own behalf and on behalf of the Estate of Thomas A. Deem alleging that while

working at the Puget Sound Naval Shipyard ("PSNS"), Mr. Deem was exposed to

---

[1] While there are more than the three listed defendants in this case, these three defendants have submitted similar motions for summary judgment as well as a joint reply, and so are referred to collectively in some instances in this Order.

asbestos and/or asbestos-containing products manufactured and/or sold by Defendants including GE, Foster Wheeler, and Westinghouse. Dkt. 1. Mrs. Deem sued additional defendants in a separate action on June 28, 2018, in *Deem v. Armstrong Int'l Inc. et al.*, Cause No. 3:18-cv-05527 BHS. On December 13, 2018, that case was consolidated with the instant case for the purposes of discovery and for pretrial matters through summary judgment. Dkt. 52. On February 7, 2019, GE, Foster Wheeler, and Westinghouse filed motions for summary judgment. Dkts. 61, 63, 65. On February 25, 2019, Mrs. Deem responded. Dkt. 67. On March 1, 2019, GE, Foster Wheeler, and Westinghouse jointly replied. Dkt. 71.

## II.   FACTUAL BACKGROUND

Mr. Deem worked at PSNS from 1974 to 1981 as an apprentice and journeyman outside machinist. Dkt. 1, ¶ 14.C. Mr. Deem was exposed to asbestos-containing products during his employment from 1974 through approximately 1979. *Id.* Mr. Deem was diagnosed with mesothelioma in February 2015. *Id.* ¶ 14.F. Mr. Deem subsequently died of mesothelioma. *Id.* ¶ 19.

## III.   DISCUSSION

Mrs. Deem brings product liability claims including negligence, strict products liability, and "the former RCW 49.16.030, and any other applicable theory of liability," including "if applicable RCW 7.72 et seq.," Washington's Product Liability Act. Dkt. 1, ¶ 17. Mrs. Deem's complaint does not specify whether her claims are pursuant to Washington law only, or also pursuant to maritime law. Both appear applicable to her claims. In maritime tort cases, as distinct from state-law tort cases, federal courts "act as

common-law court[s], subject to any controlling statutes enacted by Congress." *Air &*
*Liquid Systems Corp. v. DeVries*, 139 S. Ct. 986, 994 (2019) ("*DeVries*") (citing *Exxon*
*Shipping Co. v. Baker*, 554 U.S. 471, 507–08 (2008)). The Supreme Court's recent
decision in *DeVries* announced a new legal standard for the duty to warn in maritime
torts. *DeVries*, 139 S. Ct. at 991. This decision was announced on March 19, 2019, after
the parties had submitted the briefing on the motions for summary judgment at issue. As
will be discussed in more detail below, the Court will require supplemental briefing
addressing this new precedent.

**A.      Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure
materials on file, and any affidavits show that there is no genuine issue as to any material
fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).
The moving party is entitled to judgment as a matter of law when the nonmoving party
fails to make a sufficient showing on an essential element of a claim in the case on which
the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,
323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,
could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*
*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must
present specific, significant probative evidence, not simply "some metaphysical doubt").
*See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists
if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or
jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.    Timeliness of the Motions**

Before addressing the topics for supplemental briefing, the Court will address the timeliness issue Mrs. Deem raises in response to Defendants' motions. Mrs. Deem argues that because fact discovery is ongoing in this case until May 28, 2019, and she still seeks facts essential to justify her opposition to summary judgment, the Court should deny Defendants' motions as premature. Dkt. 67. Discovery was initially scheduled to close in this case on November 26, 2018 but was extended once following the addition of Cause No. 3:18-cv-05527 BHS and again per stipulation of the parties and is currently set to close on July 2, 2019. Dkt. 97.

Fed. R. Civ. P. 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment, the reviewing court may deny the motion, defer consideration, allow time for the nonmovant to obtain affidavits, declarations, or discovery, or "issue any other appropriate order." A party opposing summary judgment in these circumstances "must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'r Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1124, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.3d 1472, 1475 (9th Cir. 1986)).

First, Mrs. Deem explains that she has located a co-worker of Mr. Deem's from PSNS between the late 1970s and 1985, David Wingo, Jr. ("Mr. Wingo"). Dkt 67 at 2. Mr. Wingo "recalls working around Mr. Deem with gaskets, packing, and insulation associated with equipment manufactured by GE, [Westinghouse], and Foster Wheeler." *Id.* (citing Dkt. 68, Declaration of Benjamin H. Adams). Second, Mrs. Deem explains that she is seeking discovery from Defendants "regarding the use of asbestos materials in the equipment they supplied to PSNS, including asbestos components included at the time of sale, specifications for asbestos materials to be added to their equipment during installation and maintenance, and sales of replacement asbestos-containing parts." Dkt. 76 at 2 (citing Dkt. 68, ₽ 6).

Defendants counter that Mrs. Deem fails to explain why information from Mr. Wingo could not previously have been obtained and fails to explain why she could not

secure a declaration from Mr. Wingo. Dkt. 71 at 3. Defendants also emphasize that Mrs. Deem has not served discovery on Defendants and fails to meet her burden to explain why the information she seeks would preclude summary judgment if obtained. *Id*. However, the Court has no reason to disbelieve Mrs. Deem's attorney's declaration that Mr. Wingo possesses relevant facts regarding Mr. Deem's exposure. *See* Dkt. 68. Mr. Wingo was not included in the list of witnesses previously identified in Mrs. Deem's disclosures, *see e.g.* Dkt. 61 at 2, but Defendants do not allege any bad faith or improper failure to disclose him, leading to an inference that he has been recently discovered or located.

While the Court agrees it is questionable whether Mrs. Deem has met her burden to explain how the facts she seeks in discovery from Defendants on the asbestos components and specifications for installation would preclude summary judgment and why these facts were not sought earlier, it appears that these facts would also be relevant to the new failure-to-warn standard and relevant reasoning in *DeVries*, 139 S. Ct. at 986. As discussed below, the Court finds that additional briefing is required to resolve the motions for summary judgment. In the interests of efficiency and not resolving dispositive motions without all relevant facts, the Court will not deny the motions as premature but will at this time allow a Rule 56(d) continuance of the motions until the dates set for supplemental briefing. That is, Mrs. Deem may present a complete and substantive response to Defendants' motions for summary judgment at that time, provided there is not good cause why she has not been able to obtain the discovery and depositions sought.

## C.    Merits of Summary Judgment

Each defendant moves for summary judgment arguing that (1) there is no evidence supporting Mr. Deem's alleged exposure to asbestos from a product it manufactured, sold, or supplied; (2) product manufacturers have no duty to warn related to products they did not manufacture, sell, or supply; and (3) it is immune from liability as a government contractor. Dkts. 61, 63, 65.

### 1.    Maritime Law

In *DeVries*, the Supreme Court considered the scope of a manufacturer's duty to warn in the context of maritime tort law. 139 S. Ct. at 991. The manufacturers, which included GE, Foster Wheeler, and Westinghouse, had produced pumps, blowers, and turbines for Navy ships, which in the Court's description, "required asbestos insulation or asbestos parts in order to function as intended." *Id*. The Supreme Court rejected "the more defendant-friendly bare metal defense" which provided that "[i]f a manufacturer did not itself make, sell, or distribute the part or incorporate the part into the product, the manufacturer is not liable for harm caused by the integrated product . . . ." *Id*. at 994 (citing *Lindstrom v. A-C product Liability* Trust, 424 F.3d 488, 492 (6th Cir. 2005)). On the other hand, the Supreme Court found that "foreseeability that the product may be used with another product or part that is likely to be dangerous is not enough to trigger a duty to warn. But a manufacturer does have a duty to warn when its product *requires* incorporation of a part and the manufacturer knows or has reason to know that the integrated product is likely to be dangerous for its intended uses." *DeVries*, 139 S. Ct. at 993–94. The standard the Supreme Court announced finds a product manufacturer has a

duty to warn "when (i) its product requires incorporation of a part, (ii) the manufacturer knows or has reason to know that the integrated product is likely to be dangerous for its intended uses, and (iii) the manufacturer has no reason to believe that the product's users will realize that danger." *Id*. at 996.

In supplemental response, the Court expects the parties to address how *DeVries* impacts the failure-to-warn analysis in this case and expects Defendants to address how the products at issue in *DeVries* were similar to or different from the products at issue in this case. The Court also anticipates that the parties may need to address the impact of *DeVries* on the government contractor defense.

Under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988), a military contractor can claim a defense to product liability claims when "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." As one example of the issues the Court anticipates, in the round of briefing currently before the Court, GE explains that "[u]nder *Boyle*, an equipment supplier need only warn of danger of which the Navy is unaware; there is no duty to warn, regardless of the supplier's knowledge of a hazard, if the Navy also knew of it." Dkt. 61 at 16. This limited duty appears to stand in direct contrast with *DeVries*' finding that manufacturers have a duty to warn about danger from a product used in conjunction with asbestos, particularly given Defendants' position that the Navy has had extensive knowledge of the health hazards in ship building and repair from asbestos for decades. *See, e.g.* Dkt. 61 at 16–17; Dkt. 63 at

10 ("The Navy was the premier authority on the health hazards associated with asbestos in ship building and repair at all times relevant to the instant case.").

### 2. Washington Law

As noted, the Court has elected to delay its consideration of summary judgment until supplemental briefing is submitted.

The Court expects that Mrs. Deem will submit a comprehensive substantive response as ordered below, covering both maritime law and Washington law issues. This will allow the Court to address the motions for summary judgment on the merits at that time.

## IV. ORDER

Therefore, the Court will reserve ruling on Defendants' motions for summary judgment. The Clerk shall renote the motions, Dkts. 61, 63, 65, for consideration on the Court's May 24, 2019 calendar. Defendants may submit supplemental briefing by May 2, 2019, and Mrs. Deem may submit a comprehensive substantive response no later than May 20, 2019. Reply briefs are due on the noting date per the Local Rules W.D. Wash. LCR 7(d).

Dated this 18th day of April, 2019.

BENJAMIN H. SETTLE
United States District Judge