UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHERRI L. DEEM, individually and as Personal Representative of the Estate of THOMAS A. DEEM, deceased,

Plaintiff,

v.

AIR & LIQUID SYSTEMS CORPORATION, et al.,

Defendants.

CASE NO. C17-5965 BHS

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants FMC Corporation ("FMC") and McNally Industries, Inc.'s ("McNally") motion for summary judgment. Dkt. 69.[1] The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion to the extent Plaintiff's claims are brought under Washington law for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Thomas A. Deem ("Mr. Deem") worked at the Puget Sound Naval Shipyard ("PSNS"), from 1974 to 1981 as an apprentice and journeyman outside machinist. Dkt. 1, ¶ 14.C. Mr. Deem was exposed to asbestos-containing products during his employment

---

[1] Seven other defendants in this case have joined the motion and will be listed in the Procedural History portion of the Order.

ORDER - 1

from 1974 through approximately 1979. *Id*. Mr. Deem was diagnosed with mesothelioma on February 20, 2015 and died on July 2, 2015. Dkt. 80 at 2.

On November 20, 2017, Plaintiff Sherri L. Deem ("Mrs. Deem"), on her own behalf and on behalf of Mr. Deem's estate, filed a complaint for personal injury and wrongful death, alleging that while working at PSNS Mr. Deem was exposed to asbestos and/or asbestos-containing products manufactured and/or sold by Defendants including Air & Liquid Systems Corp., CBS Corp. f/k/a Westinghouse Electric, Crane Co., Foster Wheeler Energy Corp., General Electric Co., IMO Industries, Inc., and Warren Pumps, LLC. Dkt. 1. On June 28, 2018, Mrs. Deem filed a separate action for wrongful death against Defendants Armstrong International, Inc., Anchor/Darling Valve Co., BW/IP International, Inc., Blackmer Pump Co., Clark-Reliance Corp., Cleaver Brooks, Inc., Crosby Valve LLC, Flowserve US, Inc., FMC, Gardener Denver, Inc., Goulds Pumps, Inc., Grinnell LLC, Hopeman Brothers, Inc., ITT LLC, Ingersoll-Rand Co., Jerguson Gage & Valve Co., John Crane, Inc., McNally, Velan Valve Corp., Viad Corp., Viking Pump., Inc., Weir Valves & Control USA, Inc., and The William Powell Company in *Deem v. Armstrong Int'l, Inc., et al.*, Cause No. 3:18-cv-05527 BHS, Dkt. 1.[2] On December 13, 2018, that case was consolidated with the instant case for the purposes of discovery and for pretrial matters through summary judgment. Dkt. 52.

---

[2] FMC and McNally provide the declaration of their attorney Nicole Rothrock declaring that they were served with this complaint on July 9, 2018, and July 10, 2018, respectively. Dkt. 69 at 3 (citing Dkt. 70, ¶ 7. BW/IP provides the declaration of its attorney Christine E. Dinsdale, providing documentation reflecting service on July 13, 2018. Dkt. 79, ¶ 1.

Though the complaint against the first set of defendants was titled "Complaint for Personal Injury and Wrongful Death," Dkt. 1 at 1, and the complaint against the second set of defendants was titled "Complaint for Wrongful Death," both complaints contain the same product liability claims including negligence, strict products liability, and "any other applicable theory of liability," including "if applicable RCW 7.72 et seq.," and allege that the defendants' actions or omissions "proximately caused severe personal injury and other damages to Plaintiff's decedent, including his death." Dkt. 1, ¶¶ 17, 19; *Deem v. Armstrong Int'l, Inc., et al.*, Cause No. 3:18-cv-05527 BHS, Dkt. 1, ¶¶ 34, 36. The complaints do not specify whether Mrs. Deem brings her claims pursuant to Washington law only, or also pursuant to maritime law. Both appear applicable to her claims.

On February 27, 2019, FMC and McNally filed this motion for summary judgment. Dkt. 69. Between March 8, 2019, and March 26, 2019, Defendants BW/IP, Inc., The William Powell Company, Hopeman Brothers, Inc., Armstrong International, Inc., Blackmer Pump Company, Flowserve US, Inc., and John Crane, Inc. all filed notices of joinder in the motion. Dkts. 75, 77, 78, 81, 82, 83, 91.[3] On March 18, 2019, Mrs. Deem responded. Dkt. 80. On March 22, 2019, FMC and McNally replied. Dkt. 85. BW/IP, Inc. also replied on March 22, 2019. Dkt. 86.

---

[3] On April 18, 2019, the Court entered an order approving the parties' stipulation to the dismissal of Hopeman Brothers, Inc. from this action without prejudice. Dkt. 100

## II. DISCUSSION

Defendants move for summary judgment on the basis that "[w]hen Mr. Deem died on July 3, 2015, he did not have a valid subsisting cause of action against [Defendants], as those entities had not been named – and thereby claims against them preserved for statute of limitations purposes – in Mr. Deem's personal injury lawsuit." Dkt. 69 at 4.

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.     Merits of Summary Judgment**

Resolution of this motion requires parsing the overlap of claim accrual and statutes of limitations for personal injury and wrongful death claims in Washington. Defendants' arguments are not entirely consistent with the facts in the case, but Mrs. Deem's arguments do not successfully distinguish her circumstances from the Washington Supreme Court's construction of Washington law in *Deggs v. Asbestos Corp. Ltd.*, 186 Wn.2d 716 (2016) (en banc) ("*Deggs*").[4] Ultimately, the Court concludes that the outcome Defendants seek, barring Mrs. Deem's claims because the statute of limitations

---

[4] The Court notes that in referring to *Deggs*, the parties almost exclusively quote the underlying Court of Appeals decision, *Deggs v. Asbestos Corp. Ltd.*, 188 Wn.App. 495 (2015), which the Washington Supreme Court affirmed in a thorough, written decision, *Deggs*, 186 Wn.2d 716.

on Mr. Deem's personal injury claims was allowed to run, is most consistent with Washington law.

In *Deggs*, the Washington Supreme Court reviewed the history of Washington's wrongful death act, which is "based on the English Lord Campbell's Act of 1846," and created a cause of action for wrongful death for a relative "only if that relative would have had a cause of action for the injury at the time of death had death not occurred." 186 Wn.2d at 718. The plaintiff in *Deggs* was the personal representative of her father's estate. *Id.* at 719. Her father had been exposed to asbestos through his work and was diagnosed with asbestos-related diseases in 1998 and 2000. *Id*. He sued almost 40 defendants for personal injury in 1999 and achieved settlements and a trial verdict in 2001. *Id*. Nine years later, he died, and his daughter brought a wrongful death action on his behalf against one of the defendants he had named in his previous suit and other defendants who had not been previously named. *Id*. The record did not reflect why the new defendants had not been previously named. *Id*. at 720. The trial court granted the defendants' motion to dismiss on the basis that the decedent had allowed the statute of limitations to run during his lifetime on his claims against the later-named defendants. *Id*. The Court of Appeals affirmed "over a vigorous dissent," on the basis that because no personal injury claims remained timely, the plaintiff could not bring a wrongful death suit. *Id*. The Washington Supreme Court also affirmed. *Id*. at 718.

The Washington Supreme Court reasoned that a wrongful death claim "[i]s not truly a derivative action" because it is derivative "only in the sense that it derives from the wrongful act causing the death, rather than from the person of the deceased." *Id.* at

721 (quoting *Johnson v. Ottomeier*, 45 Wn.2d 419, 423 (1954)). "Accordingly, a wrongful death action accrues 'at the time the decedent's personal representative discovered, or should have discovered, the cause of action.'" *Id.* (quoting *White v. Johns-Manville Corp.*, 103 Wn.2d 344, 352 (1985)). The plaintiff in *Deggs* argued, as Mrs. Deem does here, that because wrongful death actions in Washington accrue at the time of death, her suit was timely. *Id.* at 721; Dkt. 80 at 3–4. The State Supreme Court clarified that though one of its much earlier decisions, *Calhoun v. Wash. Veneer Co.*, 170 Wn. 152 (1932), suggests otherwise, wrongful death causes of action do in fact accrue at the time of death, not at the time of the underlying injury to the deceased. *Deggs*, 186 Wn.2d at 732. However, the opinion went on to decide that when there is no "subsisting cause of action in the deceased" at the time of death, no wrongful death action is available. *Id.* at 732–33.

      Here, Defendants argue that "[w]hen Mr. Deem died on July 3, 2015 he did not have a valid subsisting cause of action against [the Defendants]" because claims against them had not been filed, and thus were not preserved for statute of limitations purposes. Dkt. 69 at 4. This is incorrect. Mr. Deem was not diagnosed with mesothelioma until February 20, 2015. Defendants provide no authority for the proposition that personal injury claims are extinguished when the injured person dies. Here, Mr. Deem's personal injury claims remained viable until the expiration of Washington's three-year statute of limitations for personal injury claims, RCW 4.16.080(2), which occurred on February 20,

2018.[5] As Mrs. Deem correctly counters "at the time of his death, Mr. Deem held valid "subsisting" (although unfiled) personal injury claims against the various defendants who allegedly exposed him to asbestos and caused him injury." Dkt. 80 at 3. However, her claims against the defendants bringing this motion were not filed until June 28, 2018. The date falls more than three years after Mr. Deem's personal injury claims accrued, but less than three years after his death. *See id*. at 2.

Mrs. Deem argues that *Deggs* does not control, and her claims should be considered timely because they were filed less than three years after the date of Mr. Deem's death. *Id.* at 3–4. She argues that in *Deggs*, no valid subsisting cause of action remained "due to the prior judgment and blown limitations periods, whereas here there is no prior judgment and the limitations period on Mr. Deem's personal injury claims had not yet expired at the time of his death." *Id.* at 8. Mrs. Deem's argument is consistent with much of the language in *Deggs*, which refers repeatedly to the concept of the subsisting cause of action *in the decedent* at the time of death. *See, e.g. Deggs*, 186 Wn.2d at 725. Defendants counter that while the facts in the case at bar are distinguishable from *Deggs*, where the decedent was the one who allowed the statute of limitations to run, the legal principle, that "a plaintiff's (or his representative's) failure to commence a personal injury action against a defendant within the three-year personal injury statute of limitations extinguishes the personal representative's ability to file a wrongful death claim against that defendant." Dkt. 85 at 4.

---

[5] Wrongful death actions in Washington also have a three-year statute of limitations. *Deggs*, 186 Wn.2d at 722.

Defendants are correct. *Deggs* found that it was acceptable under Washington law to disallow a wrongful death claim by a personal representative whose decedent allowed the statute of limitations to run on the decedent's personal injury claims. *Deggs*, 186 Wn.2d at 719. The dissent in *Deggs* points out that this rule allows a wrongful death claim to be cut off before it accrues. *Deggs*, 186 Wn.2d at 741 (Stephens, J., dissenting). In Mrs. Deem's case, the statute of limitations on Mr. Deem's personal injury claims ran for another two-and-a-half years after his death. Mrs. Deem provides no reason why under the reasoning of the majority in *Deggs*, a court should not apply the same rule to a personal representative who has allowed the statute of limitations to run on the decedent's personal injury claims. Therefore, the Court will grant Defendants' motion to the extent that Mrs. Deem's claims arise under Washington law.

**C.   Maritime Law**

Mrs. Deem's complaint explains that she brings her suit pursuant to tort theories, Washington law, and "any other applicable theory of liability." Dkt. 1. Other defendants in the consolidated cases have addressed Mrs. Deem's claims as though they may plausibly arise under Washington law or under maritime law. *See, e.g.*, Dkts. 61, 63, 65. Defendants here have not moved for a more definite statement of Mrs. Deem's claims and have briefed the statute of limitations only under Washington law, not maritime law. Therefore, the Court will grant summary judgment only to the extent that Mrs. Deem's claims arise under Washington law.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment, Dkt. 59, is **GRANTED** to the extent that Plaintiffs' claims arise under Washington law.

Dated this 25th day of April, 2019.

BENJAMIN H. SETTLE
United States District Judge