1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHERRI L. DEEM, individually and as
Personal Representative of the Estate of
THOMAS A. DEEM, deceased,

Plaintiff,

v.

AIR & LIQUID SYSTEMS
CORPORATION, et al.,

Defendants.

CASE NO. C17-5965 BHS

ORDER GRANTING DEFENDANT
CLEAVER-BROOKS'S MOTION
FOR SUMMARY JUDGMENT

14    This matter comes before the Court on Defendant Cleaver-Brooks, Inc.'s

15  ("Cleaver-Brooks") motion for summary judgment. Dkt. 106. The Court has considered

16  the pleadings filed in support of and in opposition to the motion and the remainder of the

17  file and hereby grants the motion for the reasons stated herein.

18    **I.    PROCEDURAL AND FACTUAL BACKGROUND**

19    Thomas A. Deem ("Mr. Deem") worked at the Puget Sound Naval Shipyard

20  ("PSNS"), from 1974 to 1981 as an apprentice and journeyman outside machinist. Dkt. 1,

21  ₱ 14.C. Mr. Deem was exposed to asbestos-containing products during his employment

22

ORDER - 1

1  from 1974 through approximately 1979. *Id*. Mr. Deem was diagnosed with mesothelioma

2  on February 20, 2015 and died on July 2, 2015. Dkt. 80 at 2.

3       On November 20, 2017, Plaintiff Sherri L. Deem ("Mrs. Deem"), on her own

4  behalf and on behalf of Mr. Deem's estate, filed a complaint for personal injury and

5  wrongful death, alleging that while working at PSNS Mr. Deem was exposed to asbestos

6  and/or asbestos-containing products manufactured and/or sold by Defendants including

7  Air & Liquid Systems Corp., CBS Corp. f/k/a Westinghouse Electric, Crane Co., Foster

8  Wheeler Energy Corp., General Electric Co., IMO Industries, Inc., and Warren Pumps,

9  LLC. Dkt. 1. On June 28, 2018, Mrs. Deem filed a separate action for wrongful death

10  against another twenty-three companies including Cleaver-Brooks, FMC, and McNally in

11  *Deem v. Armstrong Int'l, Inc., et al.*, Cause No. 3:18-cv-05527 BHS, Dkt. 1. On

12  December 13, 2018, that case was consolidated with the instant case for the purposes of

13  discovery and for pretrial matters through summary judgment. Dkt. 52.

14       Though the complaint against the first set of defendants was titled "Complaint for

15  Personal Injury and Wrongful Death," Dkt. 1 at 1, and the complaint against the second

16  set of defendants was titled "Complaint for Wrongful Death," both complaints contain

17  the same product liability claims including negligence, strict products liability, and "any

18  other applicable theory of liability," including "if applicable RCW 7.72 et seq.," and

19  allege that the defendants' actions or omissions "proximately caused severe personal

20  injury and other damages to Plaintiff's decedent, including his death." Dkt. 1, ¶¶ 17, 19;

21  *Deem v. Armstrong Int'l, Inc., et al.*, Cause No. 3:18-cv-05527 BHS, Dkt. 1, ¶¶ 34, 36.

22

The complaints do not specify whether Mrs. Deem brings her claims pursuant to Washington law only, or also pursuant to maritime law. Both appear applicable to her claims.

On April 25, 2019, the Court granted summary judgment for Defendants FMC and McNally on Mrs. Deem's claims to the extent they were brought under Washington law ("the April 25th Order").[1] Also on April 25, 2019, Cleaver-Brooks filed a motion for summary judgment on Mrs. Deem's claims against it to the extent they arise under Washington law. Dkt. 106. On May 13, the Court denied Mrs. Deem's motion for reconsideration of the April 25th Order. Dkt. 119. Also on May 13, 2019, Mrs. Deem responded to Cleaver-Brooks's motion. Dkt. 122. On May 17, 2019, Cleaver-Brooks replied. Dkt. 130.

## II. DISCUSSION

Cleaver-Brooks argues that the facts relevant to Mrs. Deem's claims against Cleaver-Brooks are materially indistinguishable from the facts relevant to Mrs. Deem's claims against the defendants granted summary judgment based on the Washington statute of limitations in the April 25th Order. Dkt. 106 at 1 (citing Dkt. 105). Mrs. Deem does not dispute this. Dkt. 122. In her response, Mrs. Deem again presents argument that the Court's decision in the April 25th Order was erroneous. *Id.*[2]

---

[1] Seven other defendants joined the motion and are set out in the April 25th Order. Dkt. 105 at 3.

[2] Mrs. Deem also suggests that the Court should certify this question to the Washington Supreme Court. *Id.* In a subsequent motion, Mrs. Deem informs the Court that she intends to file a motion for certification. Dkt. 165 at 2 n.1. Should Mrs. Deem file this motion, the Court will consider it in due course.

Cleaver-Brooks is correct that "[t]he law of the case doctrine generally precludes reconsideration of 'an issue that has already been decided by the same court, or a higher court in the identical case.'" *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 951 (9th Cir. 2019) (citing *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)). Finding that Cleaver-Brooks is similarly situated to the defendants granted summary judgment in the April 25th Order, Dkt. 105, and having already declined to reconsider its decision, Dkt. 119, the Court grants summary judgment for Cleaver-Brooks to the extent that Mrs. Deem's claims arise under Washington law for the reasons set forth in its previous decisions.

## III. ORDER

Therefore, it is hereby **ORDERED** that Cleaver-Brooks's motion for summary judgment, Dkt. 106, is **GRANTED** to the extent Mrs. Deem's claims arise under Washington law.

Dated this 10th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge