UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERRI L. DEEM,<br><br>             Plaintiff,<br><br>  v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>             Defendants. | CASE NO. C17-5965 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION TO APPLY MARITIME LAW, DENYING PLAINTIFF'S MOTION TO CERTIFY QUESTION TO WASHINGTON SUPREME COURT, AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendants FMC Corporation ("FMC") and McNally Industries, Inc.'s ("McNally") motion to dismiss, Dkt. 125, Plaintiff Sherri Deem's ("Deem") motion to apply maritime law, Dkt. 165, and Deem's motion to certify question to the Washington Supreme Court, Dkt. 182. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

ORDER - 1

# I. PROCEDURAL HISTORY

**1. Complaints and First Dispositive Order**

On November 20, 2017, Deem, individually and as the personal representative of the estate of Thomas Deem ("Mr. Deem"), filed a complaint against numerous defendants seeking damages for the asbestos-related death of Mr. Deem. Dkt. 1.

On June 28, 2018, Deem filed a separate action for wrongful death against another twenty-three defendants in *Deem v. Armstrong Int'l, Inc., et al.*, Cause No. 3:18-cv-05527 BHS, Dkt. 1. On December 13, 2018, that case was consolidated with the instant case for the purposes of discovery and for pretrial matters through summary judgment. Dkt. 52.

Though the complaint against the first set of defendants was titled "Complaint for Personal Injury and Wrongful Death," Dkt. 1 at 1, and the complaint against the second set of defendants was titled "Complaint for Wrongful Death," both complaints contain the same product liability claims including negligence, strict products liability, and "any other applicable theory of liability," including "if applicable RCW 7.72 et seq.," and allege that the defendants' actions or omissions "proximately caused severe personal injury and other damages to Plaintiff's decedent, including his death." Dkt. 1, ¶¶ 17, 19; *Deem v. Armstrong Int'l, Inc., et al.*, Cause No. 3:18-cv-05527 BHS, Dkt. 1, ¶¶ 34, 36.

On April 25, 2019, the Court granted summary judgment for FMC and McNally on Deem's claims to the extent they were brought under Washington law. Dkt. 105. On May 13, 2019, the Court denied Deem's motion for reconsideration. Dkt. 118.

### 2. Motion to Dismiss

On May 16, 2019, FMC and McNally filed a motion to dismiss all of Deem's remaining claims to the extent she brought claims under any law other than Washington law. Dkt. 125. Shortly thereafter, numerous defendants filed either motions or notices of joinder in FMC and McNally's motion. Dkts. 146, 148, 149, 163. On June 3, 2019, Deem responded. Dkt. 164. On June 7, 2019, FMC and McNally replied. Dkt. 180.

### 3. Motion to Apply Maritime Law

On June 3, 2019, Deem filed a motion to apply maritime law requesting that the Court "find that general maritime law should apply to all issues in this matter." Dkt. 165. On June 17, 2019, FMC and McNally responded, Dkt. 192, and Defendants Ingersoll-Rand Company ("Ingersoll-Rand") and Velan Valve Corporation ("Velan") responded, Dkt. 193. On June 20, 2019, John Crane, Inc. ("Crane") joined in Ingersoll-Rand and Velan's opposition. Dkt. 204. On June 21, 2019, Deem filed two replies. Dkts. 208, 209.

### 4. Motion to Certify

On June 10, 2019, Deem filed a motion to certify question to the Washington Supreme Court. Dkt. 182. On June 24, 2019, FMC and McNally responded, Dkt. 210, and Crane responded, Dkt. 212. On June 28, 2019, Deem replied. Dkt. 218.

## II. FACTUAL BACKGROUND

Mr. Deem worked at the Puget Sound Naval Shipyard ("PSNS") from 1974 to 1981 as an apprentice and journeyman outside machinist. Dkt. 1, ¶ 14.C. Mr. Deem alleges that he was exposed to asbestos-containing products during his employment from

1974 through approximately 1979. *Id*. In support of this allegation, Deem submits the deposition testimony of Mr. Deem's coworkers, Lawrence Foster ("Foster") and David Wingo, Jr. ("Wingo"). Foster testified that he worked with Mr. Deem in the PSNS marine machinist apprentice program. Dkt. 166-1 at 4.[1] In this program, Foster and Deem would "work on ships and [they would] either remove valves or repair valves in place, pumps, various mechanical equipment" and they "worked on steam turbines somewhat and air compressors." *Id.* During the four-year apprentice program, they would spend approximately half their time working on ships and half their time working in the land-based machine shop. *Id.* at 5. Foster remembers that the machinery spaces on the ships were "dusty throughout" because multiple workers were in the spaces completing their individual assignments. *Id.* at 7, 22. Finally, Foster testified that he worked with Mr. Deem on the USS Kitty Hawk, USS Constellation, USS Bainbridge, USS Truxton, and USS Enterprise. *Id.* at 6.

    Wingo's testimony is similar is all relevant aspects. Wingo even worked with Mr. Deem for a longer period of time because they both worked at PSNS after the apprentice program ended. *Id.* at 51.

    On February 20, 2015, Mr. Deem was diagnosed with mesothelioma, and, on July 2, 2015, Mr. Deem passed away. Dkt. 80 at 2.

---

[1] ECF pagination.

# III. DISCUSSION

## A. Admiralty Jurisdiction

Some parties contest the application of admiralty jurisdiction. The party seeking to invoke such jurisdiction bears the burden to establish that it applies. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). To satisfy this burden, the moving party must plead allegations or submit evidence to meet the requirements of (1) the locality test and (2) the connection test. *Id*.

### 1. Locality Test

Under the locality test, admiralty law is appropriate if "the tort occurred on navigable water or [if] the injury suffered on land was caused by a vessel on navigable water." *Id*. "[I]t is well-settled that vessels in dry dock are still considered to be on navigable waters for purposes of admiralty jurisdiction." *Cabasug v. Crane Co.*, 956 F. Supp. 2d 1178, 1187 (D. Haw. 2013). The Court "may not exercise maritime jurisdiction unless the party invoking maritime jurisdiction demonstrates, by a preponderance of the evidence, that some exposure occurred on a vessel on navigable waters." *Conner v. Alfa Laval, Inc.*, 799 F. Supp. 2d 455, 467 (E.D. Pa. 2011).

In this case, FMC and McNally argue that Deem "has failed to meet her burden that any of Mr. Deem's alleged exposure to asbestos occurred on navigable waters." Dkt. 192 at 5. To advance such a position, one must completely ignore the testimony of Deem's co-workers. While it is true that Deem's "complaint is devoid of any allegation that Mr. Deem's exposure took place aboard vessels in navigable waters or at drydock at PSNS," Dkt. 192 at 5, Deem's vagueness could have been based on the facts known at

the time of filing, which appear to be that Mr. Deem worked at PSNS, his work entailed both land-based machine shop work and ship-based repair work, and he died from mesothelioma. Regardless, the proper standard is preponderance of the evidence, not specificity of the complaint. *Conner*, 799 F. Supp. 2d at 467.

Turning to the evidence, Foster and Wingo's testimony firmly establishes that Mr. Deem was exposed to dust on board ships that were allegedly equipped with products that contained asbestos. FMC and McNally offer no evidence to contest these facts, allegations, and reasonable inferences. Thus, the Court finds that Deem has met her burden on the locality test.

### 2. Connection Test

The connection test involves a two-part analysis and is met if (1) the incident has a potentially disruptive impact on maritime commerce and (2) the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. *Sisson v. Ruby*, 497 U.S. 358, 370–72 (1990); *Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). The Ninth Circuit has "taken an inclusive view of what general features of an incident have a potentially disruptive effect on maritime commerce." *In re Mission Bay Jet Sports, LLC*, 570 F.3d 1124, 1128 (9th Cir. 2009).

In this case, FMC and McNally argue that Deem has failed to meet her burden under the first element of this test because, "[a]t most, her motion provides evidence that Mr. Deem spent half of his time making repairs to equipment in the land-based machine shop at PSNS and half of his time aboard vessels at PSNS." Dkt. 192 at 6. While true, this argument ignores Foster and Wingo's testimony as to where Deem's alleged

exposure to defendants' products occurred. Both coworkers testify that the majority of exposure to turbines, pumps, compressors, and valves occurred on the ships as well as the exposure to the dust from gaskets and seals. FMC and McNally fail to cite any evidence establishing that Mr. Deem's land-based work involved a similar or an additional amount of exposure to such products. Thus, the Court finds that Deem has met her burden on the first element.

Regarding the second element, Deem argues that this element is satisfied because Mr. Deem's alleged injuries occurred in the repair and maintenance of naval vessels. Dkt. 165 at 13. FMC and McNally do not challenge Deem's argument on this issue, and the Court finds that Deem's position is in accord with the law. *See, e.g.*, *Cabasug*, 956 F. Supp. 2d at 1190 ("Because the products at issue were certainly necessary for the proper functioning of the vessels, this court agrees with the reasoning in *Conner* that this allegedly defective production bears a substantial relationship to traditional maritime activity."). Therefore, the Court finds that Deem has satisfied her burden on this element, satisfied her burden in general, and grants Deem's motion on the sole issue of whether maritime law applies in this matter. The remaining issue is Deem's request for maritime law to apply to "all issues in this matter." Dkt. 165 at 13. It seems that Deem requests retroactive effect of this ruling such that the Court's prior orders dismissing her claims under Washington law as time-barred are now irrelevant. Although the parties lightly touch on this issue, the Court expects full briefing in subsequent motions to dismiss Deem's amended claims.

### 3. Choice of Law

FMC and McNally argue that Deem has failed to show that substantive maritime law conflicts with substantive Washington law. Dkt. 192 at 7. FMC and McNally have failed to show that Deem bears any general burden to establish such a conflict when moving for the application of maritime law in general. Thus, the Court disagrees with FMC and McNally that Deem's failure to identify a conflict is "reason alone" to deny her motion. *Id.*

### B. Motion to Dismiss

FMC and McNally move to dismiss Deem's complaint as to any "claims that arise under any substantive body of law other than Washington state law with prejudice." Dkt. 125.[2] The Court agrees with FMC and McNally that Deem's claims are vague and subject to dismissal for failure to state a claim. Therefore, the Court grants FMC and McNally's motion.

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In a footnote, FMC and McNally argue that amendment to add maritime claims would be futile because they would be time barred. Dkt. 125 at 4 n.1. Deem argues that the cases FMC and McNally cite are factually distinguishable from this case. Dkt. 164 at 7. While the Court does not

---

[2] The Court notes that the motion is untimely, which is reason alone to deny the motion. Fed. R. Civ. P. 12(a)(1)(A)(i). Deem, however, fails to raise this issue, and the Court declines to *sua sponte* deny the untimely motion.

necessarily agree with that position, the Court finds that FMC and McNally have failed to conclusively establish that Deem's maritime claims would be futile. Therefore, Deem is granted leave to amend her complaint.[3]

C. **Motion to Certify**

Deem moves the Court to certify a question addressed in the Court's prior order to the Washington Supreme Court. Dkt. 182. The Court finds that Deem's motion is at least premature and could be unnecessary. "The mere fact that the plaintiffs invoked the diversity of citizenship jurisdiction of the district court does not preclude the application of maritime law." *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 206 (1st Cir. 1988). "Because the alleged torts are maritime torts, admiralty jurisdiction exists, and general (i.e. federal) maritime law applies as the substantive law in these actions. General maritime law preempts state law, and must be applied even where, as here, plaintiffs choose not to invoke admiralty jurisdiction and rely instead on diversity jurisdiction and federal question jurisdiction." *In re Air Disaster Near Honolulu, Haw. on Feb. 24, 1989*, 792 F. Supp. 1541, 1544 (N.D. Cal. 1990). Although the parties have not briefed the issue, it seems that maritime law may preempt Washington law and the Court's orders as to a novel issue of Washington law could be considered an advisory opinion that should be vacated. In any event, the Court declines to certify a question that could be irrelevant to this proceeding. Accordingly, the Court denies Deem's motion without prejudice.

---

[3] Granting Deem leave to amend is an implicit denial of Ingersoll-Rand, Velan, and Crane's opposition to Deem's motion to apply maritime law.

## IV. ORDER

Therefore, it is hereby **ORDERED** that FMC and McNally's motion to dismiss, Dkt. 125, is **GRANTED**; Deem's motion to apply maritime law, Dkt. 165, is **GRANTED**; Deem's motion to certify question to the Washington Supreme Court, Dkt. 182, is **DENIED without prejudice**; and Deem is **GRANTED** leave to amend her complaint. Deem shall file an amended complaint no later than August 16, 2019.

Dated this 6th day of August, 2019.

BENJAMIN H. SETTLE
United States District Judge