UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERRI L. DEEM, individually and as Personal Representative of the estate of THOMAS A. DEEM, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. C17-5965 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT |

This matter comes before the Court on Defendant Crosby Valve, LLC's ("Crosby") motion for summary judgment, Dkt. 153, and motion to dismiss, Dkt. 371. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion to dismiss and denies the motion for summary judgment as moot.

**I. PROCEDURAL HISTORY**

On November 20, 2017, Deem filed a complaint against Defendants Air & Liquid Systems Corporation, CBS Corporation, Crane Co., Foster-Wheeler Energy Corporation,

General Electric Company, IMO Industries, Inc., and Warren Pumps, LLC. Dkt. 1 ("*Deem 1*").

On June 28, 2018, Deem filed a second complaint against Defendants Anchor/Darling Valve Company, BW/IP, Inc., Blackmer Pump Company, Clark-Reliance Corporation, Cleaver-Brooks, Inc., Crosby Valve, LLC ("Crosby"), Flowserve Corporation, Flowserve US, Inc., FMC Corporation ("FMC"), Gardner Denver, Inc., Goulds Pumps, Inc., Grinnell, LLC, Hopeman Brothers, Inc., ITT, LLC, Ingersoll-Rand Company, Jerguson Gage & Valve, John Crane, Inc., McNally Industries, LLC ("McNalley"), Velan Valve Corp., Viad Corp., Viking Pump, Inc., Weir Valves & Controls USA, Inc., and The WM Powell Company. C18-5527-BHS, Dkt. 1 ("*Deem 2*").

On December 13, 2018, the Court granted in part and denied in part Deem's motion to consolidate the cases. Dkt. 52. The Court consolidated the cases through "disposition of summary judgment or such other time prior to trial as the Court deems appropriate" and denied the motion as to the request to consolidate them for trial. *Id.* at 2.

On April 25, 2019, the Court granted FMC and McNalley's motion for summary judgment concluding that Deem's claim for wrongful death under Washington law was barred by the statute of limitations. Dkt. 105.

On May 23, 2019, Crosby filed a motion for summary judgment. Dkt. 153. On June 10, 2019, Deem responded. Dkt. 183. On June 14, 2019, Crosby replied. Dkt. 189.

On August 16, 2019, Deem filed an amended complaint asserting claims for wrongful death under maritime law. *Deem 2*, Dkt. 92.

On August 29, 2019, Crosby filed a motion to dismiss Deem's amended complaint. Dkt. 3712. On September 16, 2019, Deem responded. Dkt. 396. On September 20, 2019, Crosby replied. Dkt. 397.

## II. FACTUAL BACKGROUND

Although the majority of the facts are set forth in a previous order, *see* Dkt. 408, the facts relevant to the instant motion are undisputed. On February 20, 2015, Mr. Deem's physicians diagnosed him with mesothelioma and on July 3, 2015, Mr. Deem died due to that illness. On June 28, 2018, Deem filed a complaint against Crosby.

## III. DISCUSSION

**A. Motion to Dismiss**

Crosby moves to dismiss Deem's maritime claims arguing that the claims are barred by the statute of limitations. Dkt. 371. Under maritime law "a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose." 46 U.S.C. § 30106. A cause of action accrues when plaintiff "ha[s] a reasonable opportunity to discover his injury, its cause, and the link between the two." *Crisman v. Odeco, Inc.*, 932 F.2d 413, 415 (5th Cir. 1991). The clock starts ticking for purposes of the statute of limitations for claims under general maritime law when a plaintiff knew or should have known of his or her injury and its causes. *See White v. Mercury Marine*, 129 F.3d 1428 (11th Cir. 1997).

In this case, the question is whether the statute of limitations for wrongful death claims begins when the injury is discovered or when the person dies from that injury. In the most straightforward case, the injury and death occur on the same day with all

limitations periods beginning on that day.  On the other end of the spectrum, a plaintiff would know of his injury on one date and then pass away someday after the three-year statute of limitations had run.  For example, in *Wade v. Clemco Indus. Corp.*, CV 16-502, 2018 WL 263231 (E.D. La. Jan. 2, 2018), the injured worker passed away over forty years after he was diagnosed with silicosis.  Upon his death, his wife brought a wrongful death action against numerous defendants alleging that they caused the silicosis and eventual death.  *Id.* at *2.  The court dismissed the claim as time barred concluding that the widow could not bring a claim that her husband could not have brought himself.  *Id.* at *3.  Specifically, the court stated that the "statute of limitation runs from 'the date of such wrongful act, neglect or default' and not from the date of death, and therefore the running of time was determined from the date of the injury." *Id.* (citing The Law of Maritime Personal Injuries § 12:13.).

Unlike the plaintiff in *Wade*, Mr. Deem's fatal prognosis involved months instead of years.  Deem, however, fails to provide any authority or persuasive argument why Mr. Deem's death within the statute of limitations for this known injury should reset or start a new statute of limitations for claims based on that alleged wrongful death.  The date of knowledge of his injury did not change, and neither did the fatal prognosis.  From that date, Mr. Deem had three years to bring this action.  Deem fails to submit, and the Court is unaware of, any authority for the proposition that Mr. Deem could not have sought damages for both his past and existing damages as well as future damages related to that fatal prognosis.   Sadly, Mr. Deem died within five months of his diagnosis.

At that point, the legal terminology changed but the date both he and his wife knew of his injury did not change. On this issue, Deem also fails to cite, and the Court is unaware of any authority, for the proposition that a new claim arose upon his death for damages that could not have been pursued before his death with the knowledge of a fatal prognosis. Thus, the running of the statute of limitations starts at the time of knowledge of the injury and not at the time of death. *Wade*, 2018 WL 263231 at *3. Therefore, the Court grants Crosby's motion to dismiss because Deem's claims are barred by the statute of limitations.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Crosby's motion for summary judgment, Dkts. 153, is **DENIED** as moot and motion to dismiss, Dkt. 371, is **GRANTED**.

The Clerk shall terminate Crosby.

Dated this 6th day of December, 2019.

BENJAMIN H. SETTLE
United States District Judge