UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERRI L. DEEM, individually and as Personal Representative of the estate of THOMAS A. DEEM, deceased,<br><br>    Plaintiff,<br><br>  v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>    Defendants. | CASE NO. C17-5965 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR CONSOLIDATED TRIAL, DENYING OTHER MOTIONS AS MOOT, AND SETTING DEADLINE FOR RESPONSES |

This matter comes before the Court on Defendant John Crane, Inc.'s ("Crane") motions for summary judgment, Dkts. 72, 263, and motion to dismiss, Dkt. 372, Plaintiff Sherri Deem's, individually and as Personal Representative of the Estate of Thomas Deem ("Deem") motion for partial summary judgment on Crane's affirmative defenses, Dkt. 245, motion for extension of time to respond to dispositive motions, Dkt. 274, renewed motion for consolidated trial, Dkt. 340, and motion for leave to file supplemental briefing re maritime law, Dkt. 377. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

ORDER - 1

# I. PROCEDURAL HISTORY

On November 20, 2017, Deem filed a complaint against Defendants Air & Liquid Systems Corporation, CBS Corporation ("CBS"), Crane Co., Foster-Wheeler Energy Corporation ("Foster-Wheeler"), General Electric Company ("General Electric"), IMO Industries, Inc., and Warren Pumps, LLC. Dkt. 1 ("*Deem 1*").

On June 28, 2018, Deem filed a second complaint against Defendants Anchor/Darling Valve Company, BW/IP, Inc., Blackmer Pump Company, Clark-Reliance Corporation, Cleaver-Brooks, Inc., Crosby Valve, LLC ("Crosby"), Flowserve Corporation, Flowserve US, Inc., FMC Corporation ("FMC"), Gardner Denver, Inc., Goulds Pumps, Inc., Grinnell, LLC, Hopeman Brothers, Inc., ITT, LLC, Ingersoll-Rand Company, Jerguson Gage & Valve, John Crane, Inc. ("Crane"), McNally Industries, LLC ("McNalley"), Velan Valve Corp., Viad Corp., Viking Pump, Inc., Weir Valves & Controls USA, Inc., and The WM Powell Company. C18-5527-BHS, Dkt. 1 ("*Deem 2*").

On December 13, 2018, the Court granted in part and denied in part Deem's motion to consolidate the cases. Dkt. 52. The Court consolidated the cases through "disposition of summary judgment or such other time prior to trial as the Court deems appropriate" and denied the motion as to the request to consolidate them for trial. *Id.* at 2.

On March 7, 2019, Crane filed a motion for summary judgment arguing that under Washington law Deem failed to meet her burden to establish that Thomas Deem was exposed to any Crane product. Dkt. 72. On March 25, 2019, Deem responded. Dkt. 87. On March 29, 2019, Crane replied. Dkt. 94.

On February 27, 2019, FMC and McNalley filed a motion for summary judgment arguing that Deem's claim for wrongful death under Washington law was barred by the statute of limitations. Dkt. 69. On March 26, 2019, Crane joined in the motion. Dkt. 91. On April 25, 2019, the Court granted the motion and dismissed Deem's Washington law claim against multiple defendants, including Crane. Dkt. 105.

On July 11, 2019, Deem filed a motion for partial summary judgment on some of Crane's affirmative defenses, Dkt. 245, and Crane filed a second motion for summary judgment arguing in part that Deem's maritime claims were barred by the statute of limitations, Dkt. 263 at 10–11. On July 24, 2019, Deem filed a motion for extension of time to respond to Crane's motion. Dkt. 274. On July 29, 2019, the parties responded to the dispositive motions. Dkts. 279, 303. On August 2, 2019, Crane replied. Dkt. 318.

On August 6, 2019, the Court granted Deem's motion to apply maritime law and granted Deem leave to file an amended complaint to clarify her claims. Dkt. 331. On August 16, 2019, Deem filed amended complaints in both cases. *Deem 1*, Dkt. 341; *Deem 2*, Dkt. 92. On August 19, 2019, the Court struck the amended complaint in *Deem 1* because only *Deem 2* defendants moved to dismiss her complaint. Dkt. 341.

On August 15, 2019, Deem filed the instant renewed motion for consolidated trial. Dkt. 340. On August 20, 2019, CBS, Foster-Wheeler, and General Electric responded. Dkt. 343.

On August 16, 2019, Deem filed an amended complaint asserting claims for wrongful death under maritime law. *Deem 2*, Dkt. 92.

On August 29, 2019, Crosby filed a motion to dismiss Deem's amended complaint arguing in part that Deem's maritime claims are barred by the statute of limitations. Dkt. 371. On December 6, 2019, the Court granted Crosby's motion concluding that the claims are untimely. Dkt. 415.

## II. DISCUSSION

### A. Summary Judgment

For the reasons set forth in the Court's previous order, Dkt. 415, the Court grants Crane's motion for summary judgment on the issue of the statute of limitations. In short, Deem had three years from the date she was aware of the injury to her husband, Thomas Deem, to file suit. She failed to do so. Therefore, her claims against Crane are time-barred.

### B. Motion to Consolidate

If actions before the court involve a common question of law or fact, the court may consolidate the matters for trial. Fed. R. Civ. P. 42(a).

Although the Court agrees with Deem that the actions involve numerous common questions of law and fact, a dispositive issue present in *Deem 2* is not present in *Deem 1*. As stated in the Court's recent order, Deem's claims under maritime law in *Deem 2* are barred by the statute of limitations. The presence of this issue is sufficient to warrant denial of Deem's motion to consolidate timely claims with untimely claims. In fact, it appears that this is the appropriate time to vacate the consolidation order, strike the trial date in *Deem 2*, and set a dispositive motion deadline to address the statute of limitations issue with the remaining defendants in *Deem 2*. The Court, however, declines to do so

*sua sponte* without providing the parties notice and an opportunity to be heard. Thus, the Court will set a deadline for any response to the Court's plan.

### III. ORDER

Therefore, it is hereby **ORDERED** Crane's motion for summary judgment, Dkt. 263, is **GRANTED**, Deem's renewed motion for consolidated trial, Dkt. 340, is **DENIED**, and Crane's motion for summary judgment, Dkt. 72, motion to dismiss, Dkt. 372, and Deem's motion for partial summary judgment on Crane's affirmative defenses, Dkt. 245, motion for extension of time to respond to dispositive motions, Dkt. 274, and motion for leave to file supplemental briefing re maritime law, Dkt. 377, are **DENIED as moot**. The Clerk shall terminate Crane as a defendant.

The Court intends to vacate the previous order consolidating the matters, Dkt. 52, strike any trial date in *Deem 2*, and set a dispositive motion deadline in *Deem 2* to address the issue of statute of limitations. Any party may respond to this plan no later than January 8, 2020.

Dated this 2nd day of January, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge