UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERRI L. DEEM, individually and as Personal Representative of the estate of THOMAS A. DEEM, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. C17-5965 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant the William Powell Company's ("Powell") motion for summary judgment, Dkt. 231, Plaintiff Sherri Deem's, individually and as Personal Representative of the Estate of Thomas Deem ("Deem") motion for partial summary judgment on Defendant Velan Valve Corporation's ("Velan") affirmative defenses, Dkt. 247, Deem's motion for partial summary judgment on Powell's affirmative defenses, Dkt. 249, Velan's motion for summary judgment, Dkt. 257, and Defendant Ingersoll-Rand Company's ("Ingersoll") motion for summary judgment, Dkt. 259. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

# I. PROCEDURAL HISTORY

On November 20, 2017, Deem filed a complaint against Defendants Air & Liquid Systems Corporation, CBS Corporation, Crane Co., Foster-Wheeler Energy Corporation, General Electric Company, IMO Industries, Inc., and Warren Pumps, LLC. Dkt. 1 ("*Deem 1*").

On June 28, 2018, Deem filed a second complaint against Defendants Anchor/Darling Valve Company, BW/IP, Inc., Blackmer Pump Company, Clark-Reliance Corporation, Cleaver-Brooks, Inc., Crosby Valve, LLC, Flowserve Corporation, Flowserve US, Inc., FMC Corporation ("FMC"), Gardner Denver, Inc., Goulds Pumps, Inc., Grinnell, LLC, Hopeman Brothers, Inc., ITT, LLC, Ingersoll, Jerguson Gage & Valve, John Crane, Inc., McNally Industries, LLC ("McNalley"), Velan, Viad Corp., Viking Pump, Inc., Weir Valves & Controls USA, Inc., and Powell. C18-5527-BHS, Dkt. 1 ("*Deem 2*").

On December 13, 2018, the Court granted in part and denied in part Deem's motion to consolidate the cases. Dkt. 52. The Court consolidated the cases through "disposition of summary judgment or such other time prior to trial as the Court deems appropriate" and denied the motion as to the request to consolidate them for trial. *Id.* at 2.

On February 27, 2019, FMC and McNalley filed a motion for summary judgment arguing that Deem's claim for wrongful death under Washington law was barred by the statute of limitations. Dkt. 69. On April 25, 2019, the Court granted the motion and

dismissed Deem's Washington law claims against multiple defendants, including Powell. Dkt. 105.

On July 11, 2019, Powell filed a motion for summary judgment arguing in part that Deem's claims were time-barred under Washington and maritime law, Dkt. 231 at 9, Deem filed motions for partial summary judgment on some of Velan and Powell's affirmative defenses, Dkts. 247, 249, Velan filed a motion for summary judgment arguing in part that Deem's claims were time-barred under both Washington and maritime law, Dkt. 257 at 9–11, and Ingersoll filed a motion for summary judgment arguing in part that Deem's claims were time-barred under both Washington and maritime law, Dkt. 259 at 9–11. On July 29, 2019, the parties responded to the dispositive motions. Dkts. 285, 293, 310, 305, 309. On August 2, 2019, Ingersoll, Powell, and Velan replied. Dkts. 319, 321, 326.

On August 6, 2019, the Court granted Deem's motion to apply maritime law and granted Deem leave to file an amended complaint to clarify her claims. Dkt. 331. On August 16, 2019, Deem filed amended complaints in both cases. *Deem 1*, Dkt. 341; *Deem 2*, Dkt. 92. On August 19, 2019, the Court struck the amended complaint in *Deem 1* because only *Deem 2* defendants moved to dismiss her complaint. Dkt. 341.

On August 16, 2019, Deem filed an amended complaint asserting claims for wrongful death under maritime law. *Deem 2*, Dkt. 92.

## II. DISCUSSION

For the reasons set forth in the Court's previous order, Dkt. 415, the Court grants Ingersoll, Powell, and Velan's motions for summary judgment on the issue of the statute

of limitations. In short, Deem had three years from the date she was aware of the injury to her husband, Thomas Deem, to file suit. She failed to do so. Therefore, her claims against Ingersoll, Powell, and Velan are time-barred. As a result, the Court denies Deem's motions for partial summary judgment as moot.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Powell's motion for summary judgment, Dkt. 231, Velan's motion for summary judgment, Dkt. 257, and Ingersoll's motion for summary judgment, Dkt. 259, are **GRANTED** and Deem's motions for partial summary judgment on Velan's affirmative defenses, Dkt. 247, and Powell's affirmative defenses, Dkt. 249, are **DENIED as moot**.

The Clerk shall terminate Ingersoll, Powell, and Velan.

Dated this 9th day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge