# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| SHERRI L. DEEM, individually and as Personal Representative of the estate of THOMAS A. DEEM, deceased,<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. C17-5965 BHS<br><br>ORDER DECONSOLIDATING CASES, REOPENING CASE, REQUESTING RESPONSES, AND RESETTING PRETRIAL CONFERENCE |

This matter comes before the Court on Plaintiff Sherri Deem's, individually and as Personal Representative of the Estate of Thomas Deem ("Deem") motion for leave to file supplemental briefing re maritime law, Dkt. 377, the Court's order denying Deem's motion to consolidate cases for trial, Dkt. 416, and the parties' responses regarding deconsolidating cases, Dkts. 424–427.

## I. PROCEDURAL HISTORY

On November 20, 2017, Deem filed a complaint against Defendants Air & Liquid Systems Corporation, CBS Corporation, Crane Co., Foster-Wheeler Energy Corporation,

General Electric Company, IMO Industries, Inc., and Warren Pumps, LLC. Dkt. 1 ("*Deem 1*").

On June 28, 2018, Deem filed a second complaint against Defendants Anchor/Darling Valve Company, BW/IP, Inc., Blackmer Pump Company, Clark-Reliance Corporation, Cleaver-Brooks, Inc., Crosby Valve, LLC, Flowserve Corporation, Flowserve US, Inc., FMC Corporation ("FMC"), Gardner Denver, Inc., Goulds Pumps, Inc., Grinnell, LLC, Hopeman Brothers, Inc., ITT, LLC, Ingersoll-Rand Company, Jerguson Gage & Valve, John Crane, Inc., McNally Industries, LLC ("McNally"), Velan Valve Corporation, Viad Corp., Viking Pump, Inc., Weir Valves & Controls USA, Inc., and The William Powell Company. C18-5527-BHS, Dkt. 1 ("*Deem 2*").

On December 13, 2018, the Court granted in part and denied in part Deem's motion to consolidate the cases. Dkt. 52. The Court consolidated the cases through "disposition of summary judgment or such other time prior to trial as the Court deems appropriate" and denied the motion as to the request to consolidate the cases for trial. *Id.* at 2.

On February 27, 2019, FMC and McNally filed a motion for summary judgment arguing that Deem's claim for wrongful death under Washington law was barred by the statute of limitations. Dkt. 69. On April 25, 2019, the Court granted the motion and dismissed Deem's Washington law claim against multiple defendants. Dkt. 105.

On August 6, 2019, the Court granted Deem's motion to apply maritime law and granted Deem leave to file an amended complaint to clarify her claims. Dkt. 331. On August 16, 2019, Deem filed amended complaints in both cases. *Deem 1*, Dkt. 341;

*Deem 2*, Dkt. 92. On August 19, 2019, the Court struck the amended complaint in *Deem 1* because only *Deem 2* defendants moved to dismiss her complaint. Dkt. 341.

On August 15, 2019, Deem filed a motion to consolidate the cases for trial. Dkt. 340.

On August 16, 2019, Deem filed an amended complaint asserting claims for wrongful death under maritime law. *Deem 2*, Dkt. 92.

On August 30, 2019, Deem filed a motion for leave to file supplemental briefing re maritime law. Dkt. 377.

On January 2, 2020, the Court denied Deem's motion to consolidate the cases for trial because the Court concluded in other orders that the claims in *Deem 2* were time-barred. Dkt. 416. The Court also requested the remaining parties' positions on whether the matters should be deconsolidated. *Id.* On January 8, 2020, some parties filed responses. Dkts. 424–427.

## II. DISCUSSION

### A. Consolidation

In their responses, the *Deem 1* defendants requests that the Court keep the matters consolidated for trial so that the jury may apportion fault among all parties, including those that have settled. Dkts. 424, 425. Defendants, however, fail to articulate why they would not be able to argue apportionment regardless of whether a party settled in *Deem 1* or *Deem 2*. In other words, a settlement for the same claim for injuries is relevant regardless of the case number. Thus, the Court finds that the circumstances warrant deconsolidating the matters for further proceedings.

**B.     Maritime Law**

In *Deem 1*, Deem seeks leave to file supplemental briefing regarding maritime law because, when Defendants filed motions for summary judgment, it was unclear whether Washington law or maritime law applied to Deem's claims. Dkt. 377. The Court agrees with Deem that, at least to some motions for summary judgment, it was unclear whether the appropriate causation standard was Washington law or maritime law. Therefore, the Court grants Deem's motion to supplement her briefing.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

1) The Clerk shall reopen *Deem 2*, C18-5527BHS;

2) The Clerk shall deconsolidate *Deem 1*, C17-5965BHS, and *Deem 2*, C18-5527BHS;

3) Deem may file supplemental responses to the pending summary judgment motions by the *Deem 1* defendants, Dkts. 63, 65, 232, 261, no later than January 17, 2020;

4) Defendants may file supplemental replies no later than January 22, 2020; and

5) The pretrial conference is continued to February 3, 2020 at 11:00am.

Dated this 9th day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge